UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZIA SHAIKH,<br><br>    Plaintiff,<br><br>    v.<br><br>CITTA HOLZAPFEL AND ZABARSKY P.C, et al.,<br><br>    Defendants. | Case No. 3:20-cv-11057-BRM-DEA<br><br>**ORDER** |

  **THIS MATTER** is opened to the Court by Plaintiff Zia Shaikh's ("Plaintiff")[1] Complaint (ECF No. 1) and application to proceed *in forma pauperis* ("IFP") (ECF No. 1-1). Plaintiff initially provided the Court with an address on Route 9 in Freehold, New Jersey (ECF No. 1), however Plaintiff's letter dated May 3, 2021, which was directed to multiple dockets, includes letterhead with an address at Village Ctr Dr in Freehold (ECF No. 2). The docket continues to reflect the Route 9 address as Plaintiff has not provided a notice of change of address in accordance with Local Civil Rule 10.1(a). Because Plaintiff has provided inconsistent addresses in violation of Local Civil Rule 10.1(a), he will be required to provide written notice of his current valid mailing address if he wishes to proceed.

  Pursuant to 28 U.S.C. § 1915, a court may allow a litigant to proceed IFP, provided the litigant submits a proper application. "The decision to grant [IFP] status turns on whether an applicant is 'economically eligible' for such status." *Taylor v. Supreme Court*, 261 F. App'x 399,

---

[1] Plaintiff has multiple cases before this Court, including but not limited to Case Numbers: 19-14092; 19-20597; 20-2540; 20-11057; 20-20003; 20-20005; 20-20007; 20-20008.

400 (3d Cir. 2008) (quoting *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976)). "A person need not be 'absolutely destitute' to proceed [IFP]; however, an affiant must show the inability to pay the filing and docketing fees." *Taylor*, 261 F. App'x at 400 (citations omitted) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) and *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989)).

In order for the Court to determine the applicant's status, the applicant is required to fill out the IFP application in its entirety. The instructions require applicants to "[c]omplete all questions in [the] application. . . . Do not leave any blanks: if the answer to a question is '0,' 'none,' or 'not applicable (N/A),' write that response." (ECF No. 1-1) To make a decision without a complete form, the Court would be required to make unsupported assumptions about Plaintiff's financial status, such as whether the "blanks" were unintentional or whether they were intended to be zeros.

Here, Plaintiff failed to comply with the instructions by not responding to all or portions of questions 1 and 3 of his IFP application. (ECF No. 1-1.)

Based on the limited and inconsistent information submitted by Plaintiff, and for good cause appearing,

**IT IS** on this 12th day of July 2021,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) is **DENIED**; it is further

**ORDERED** that this case shall be marked **CLOSED**; and it is further

**ORDERED** that on or before July 30, 2021, Plaintiff may submit a complete IFP application or payment of the $400 fee, which includes the $350 filing fee and the $50 administrative fee, to reopen this case without further action from the Court; and it is further

**ORDERED** that, if Plaintiff reopens this matter, he shall formally provide his mailing address in writing pursuant to Local Civil Rule 10.1(a). Failure to do so may result in imposition of sanctions.

/s/Brian R. Martinotti
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**